No. 32,005

PIPER RURAL HIGH-SCHOOL DISTRICT No. 1 et al., *Appellants*, v. CHARLES W. JOHNSON, Receiver of the Piper State Bank, et al., *Appellees*.

(46 P. 2d 606)

Opinion filed July 6, 1935.

*H. Earl Meade, D. H. Corson, A. M. Etchen,* all of Kansas City, *Roland Boynton* and *W. D. Kimble,* both of Topeka, for the appellants.

*John E. Carlson, James K. Cubbison* and *Blake A. Williamson,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the Piper rural high-school district to recover from the receiver of the failed Piper State Bank certain promissory notes or proceeds of such notes, at one time held by the treasurer of the school district and by him returned to the receiver. A demurrer was sustained to plaintiff's evidence, and it appeals.

The bank was a "one-man bank," operated by E. G. Truskey, as cashier. W. B. Vining was a director of the bank, and was treasurer of the school district. Vining, as treasurer, deposited school-district funds in the bank, in the sum of $3,448.87. On September 2 and September 5, 1930, Vining drew two checks on his account as treasurer, and presented them for payment, Truskey objected to paying the checks, which amounted to $2,573.37, and induced Vining to take notes, assets of the bank, in place of cash. The bank failed on September 6. Subsequently the receiver made demand on Vining that he return the notes, and Vining did so. The school district presented a claim for the amount of its deposit, the claim was allowed, and a receiver's certificate for the amount was issued. Subsequently the school district received two dividends of fifteen percent and ten percent, respectively, on the amount of its claim. The school district then conceived the notion it could recover notes returned by Vining to the receiver which had not been paid, and money received by the bank in payment of returned notes.

The petition pleaded the transaction between Vining and Truskey, and contained the following allegation:

"That the title to said notes was and is vested in plaintiffs herein, and not in the Piper State Bank or its receiver."

The answer denied this allegation, alleged affirmatively the district never was at any time the rightful owner of the notes, and alleged the bank was insolvent, and the transaction between Vining and Truskey constituted a preference. The allegation of the answer that the district had no title to the notes was true, as a matter of law, and the allegation of the petition that the district had title to the notes was untrue, as a matter of law.

There was no pretense that the notes were taken to secure the deposit. The checks were charged to Vining's account as treasurer. The petition alleged the notes were purchased, and Vining testified he traded Truskey two checks for the group of notes, which fairly described what occurred. Vining had no authority as treasurer of the school district to purchase the notes with school-district funds, or to trade school-district funds for notes; the district had no power to authorize Vining to do that; and the district had no power to ratify what Vining did. It is not necessary to consume space vindicating the legal soundness of these statements.

The receiver's demand on Vining for return of the notes was based on the ground delivery of the notes to Vining constituted a preference. As indicated, the answer pleaded the bank was insolvent, and delivery of the notes to Vining constituted a preference. The school district argues the demurrer to its evidence was improperly sustained, because there was substantial evidence the bank was not insolvent, and the court could not sustain the demurrer without weighing evidence. The subject is immaterial.

Lack of authority in Vining, and lack of power in the school district were not specifically pleaded in the answer. The general allegations of the petition and answer relating to the school district's title have been noted. Conceding, but not deciding, they were not sufficient to raise the question of lack of authority of Vining, and lack of power of the school district, the facts were fully developed at the trial, and the court, in disposing of the demurrer, was obliged to condemn this attempted misappropriation of school-district money as illegal.

The judgment of the district court is affirmed.